633 F.2d 862
 SAN DIEGO REGIONAL EMPLOYMENT AND TRAINING CONSORTIUM, a
public entity and subdivision of the State of
California, Petitioner,
v.
Ray MARSHALL, United States Secretary of Labor; William J.
Haltigan, Regional Administrator for Region IX of
the Employment and Training
Administration of the United
States Department of Labor;
United States Department of Labor, a governmental and
administrative agency of the United States of
America, Respondents.
 No. 78-3561.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 7, 1980.
Decided Dec. 8, 1980.
 
 John M. Kaheny (on brief), Arlene Prater, John K. Riess, Deputy City Attys., San Diego, Cal., for petitioner.
 
 
 1
 Judith S. Feigin, Asst. U. S. Atty., San Diego, Cal., argued for respondents; Peter W. Bowie, Asst. U. S. Atty., San Diego, Cal., on brief.
 
 
 2
 Petition for Review of a Decision From the Secretary of Labor.
 
 
 3
 Before FLETCHER and CANBY, Circuit Judges, and SOLOMON,* District Judge.
 
 SOLOMON, District Judge:
 
 4
 The Department of Labor held that the San Diego Regional Employment and Training Consortium (Petitioner) violated the provisions of the Comprehensive Employment and Training Act (CETA), 29 U.S.C. Section 801 et seq. (1978). Petitioner seeks to have this Court review that decision asserting that the CETA provisions are unconstitutional and that the Department of Labor interpreted them incorrectly.
 
 
 5
 Petitioner is a consortium of San Diego County and the cities in the County, including El Cajon, Chula Vista, Oceanside and San Diego. Each of them qualifies as a program agent under CETA. The Department of Labor found that Petitioner violated CETA regulations because it had hired a disproportionate number of residents of the City of San Diego to fill CETA jobs throughout the County. It therefore ordered Petitioner to correct the imbalance and requested additional assurances that it would not recur. The Secretary of Labor issued its final decision October 17, 1978. This court denied Petitioner's motion to stay the order pending review.
 
 
 6
 Petitioner contends that because CETA and the regulations issued under its authority restrict CETA jobs to residents, they require the States or their political subdivisions to discriminate against residents of other states. Petitioner has no standing to make this argument. "(T)o challenge government action in federal court, a plaintiff must have been 'injured in fact.' " Boating Industry Associations v. Marshall, 601 F.2d 1376, 1380 (9th Cir. 1979). Here Petitioner suffers no injury from the restrictions on hiring out-of-state residents.
 
 
 7
 In addition, CETA and its regulations do not violate the Due Process Clause. They do not include any durational requirement for residency, like those invalidated in Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Unlike the statute in Hicklin v. Orbeck, 437 U.S. 518, 98 S.Ct. 2482, 57 L.Ed.2d 397 (1978), they do not violate the Privileges and Immunities Clause.
 
 
 8
 Petitioner next contends that 29 U.S.C. § 824(a) is void for vagueness because it requires CETA job holders to "resid(e) within the area qualifying for assistance" when hired, and the term "area qualifying for assistance" is not defined by CETA or its regulations. The Department of Labor has made the meaning of this term clear. 29 C.F.R. § 96.26(b). This regulation gave Petitioner fair warning that its hiring practices were impermissible.
 
 
 9
 There is no merit in Petitioner's contention that the Department of Labor misinterpreted the meaning of the phrase "area qualifying for assistance." The Department of Labor interprets this phrase to mean an area no larger than the jurisdiction of a program agent. An interpretation of a statute by the agency charged with its administration is entitled to deference by the courts. Quern v. Mandley, 436 U.S. 725, 738, 98 S.Ct. 2068, 2076, 56 L.Ed.2d 658 (1978); Russ v. Wilkins, 624 F.2d 914, 922-23 (9th Cir. 1980). The Department of Labor's interpretation of CETA is consistent with the Act's language and purpose. Here, at least three cities within San Diego County, in addition to the City of San Diego, qualify as program agents.
 
 
 10
 Finally, Petitioner contends that the Department of Labor has applied 29 C.F.R. Section 96.26 so as to eliminate the exception for a consortium from the general rule that participants must reside within the program agent's jurisdiction. This is incorrect. The Department of Labor requires only that the allocated CETA funds be available to employ the residents of each program agent's jurisdiction as if no consortium had been formed.
 
 
 11
 The petition for review is denied, and the final decision of the Secretary of Labor is affirmed.
 
 
 
 *
 The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation